IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DEAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHRISTOPHER L. DEAN, APPELLANT.

Filed July 19, 2022.    No. A-21-926.

Appeal from the District Court for Gage County: RICKY A. SCHREINER, Judge. Affirmed.

Timothy S. Noerrlinger, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Christopher L. Dean appeals his plea-based convictions of third degree domestic assault and terroristic threats. On appeal, he contends that the sentences imposed were excessive and his trial counsel was ineffective for failing to depose a material witness prior to trial and/or plea and for failing to discuss discovery and potential defenses with him prior to his plea. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

In August 2021, Dean was charged with third degree domestic assault, a Class I misdemeanor, and terroristic threats, a Class IIIA felony. Pursuant to a plea agreement, Dean pled no contest to the charged offenses and the State agreed to dismiss charges in another pending case in which Dean was charged with felony tampering with a witness, misdemeanor intimidation by phone, misdemeanor disturbing the peace, misdemeanor stalking, and contempt of court.

- 1 -

The parties stipulated that the factual basis would be the language contained within the probable cause affidavit that had been filed with the court. The affidavit provided that, on June 21, 2021, at approximately 5:30 p.m., officers were called to an apartment complex located in Gage County, Nebraska. Upon arrival, officers contacted an "upset and verbally argumentative" Dean, who was leaving the area. The victim reported that Dean, who was "upset and under the influence," "began slamming things around, attempted to break items within the residence, and verbally threaten[ed]" the victim. The victim also reported that Dean had threatened to kill her and her father and, while doing so, threw a glass cup at the victim. The victim was able to dodge the glass which struck the wall leaving a hole. The victim also stated that Dean threw a laundry basket at her which struck her in the back and left a visible raised bump and broke the skin. The victim reported previous domestic abuse incidents between herself and Dean and stated that she felt "that her safety [was] at risk with him . . . [and] reported that she was in fear that Dean would follow through with his threats to seriously hurt or kill her." Dean was arrested and, during transport to the Gage County Detention Center, he made "several comments toward [the victim] calling her names and stating that he will return and 'kill that bitch . . . I will be back for you, I promise, I'll fucking kill you now fat bitch.'" The probable cause affidavit also set forth that Dean's criminal history showed prior convictions for domestic assault in Ohio in January 2012 and October 2011. The parties also agreed that, although the probable cause affidavit was silent regarding the nature of the relationship between Dean and the victim, the State would represent that the parties were in a relationship within the meaning of the domestic abuse statutes.

At the sentencing hearing, the court stated:

There was a recommendation [by the probation officer that prepared the presentence investigation report] that if I put you on probation that you complete a co-occurring evaluation and follow the recommendations. You have . . . a 15-year history of violence [dating] back to 2006. I'm required to consider at sentencing those factors in 29-2260, your age, mentality, education and experience, social and cultural background and past criminal record or record of law-abiding conduct, motivation for the offense, the nature of the offense and the violence involved in the offense.
. . . .
So, probably, there's no doubt that you have some type of substance abuse problem. . . . Not only do you assault people, you assault people that are generally weaker than you. You're a predator.
. . . .
So with [your] criminal history and with your previous participation in probation and the fact that you are not participating in probation at all in California, I have no belief that you would . . . comply with the terms of my probation.

The court found that there were substantial and compelling reasons not to place Dean on probation and sentenced Dean to 1 year of imprisonment for the third degree assault conviction and 3 years' imprisonment for the terroristic threats conviction followed by 18 months of post-release supervision. The court ordered the sentences to be served consecutively and awarded

credit for time served of 122 days. Dean has timely appealed and is represented by different counsel than represented him before the district court.

## III. ASSIGNMENTS OF ERROR

Dean contends that the sentences imposed were excessive and his trial counsel was ineffective for "[failing] to depose a material witness prior to [trial] and/or plea and [failing] to discuss . . . discovery and potential defenses with [Dean] prior to his plea." Brief for appellant at 3.

## IV. STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Drake*, 311 Neb. 219, 971 N.W.3d 759 (2022). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

A voluntary guilty plea or plea of no contest generally waives all defenses to a criminal charge; thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Dean's first assignment of error is that the sentences imposed were excessive. He contends that the district court abused its discretion by failing to give proper weight and consideration to mitigating factors including Dean's "rehabilitative needs, his age, his health, his general life circumstances, his minimal role in the present case, and his willingness to enter a no contest plea." Brief for appellant at 13.

Here, Dean pled no contest to third degree domestic assault, a Class I misdemeanor, and terroristic threats, a Class IIIA felony. See, Neb. Rev. Stat. § 28-323(1) (Reissue 2016) (third degree domestic assault); Neb. Rev. Stat. § 28-311.01 (Reissue 2016) (terroristic threats). Dean's sentence of 1 year of imprisonment for third degree domestic assault is within the statutory sentencing range for Class I misdemeanors which are punishable by a minimum of no imprisonment and a maximum of 1 year of imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2016) (misdemeanors; classification of penalties). Dean's sentence of 3 years' imprisonment for terroristic threats followed by 18 months of post-release supervision is within the statutory sentencing range for Class IIIA felonies which are punishable by a minimum

of no imprisonment and 9 months' post-release supervision and a maximum of 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020) (felonies; classification of penalties).

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake, supra*. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At the time the presentence investigation report was prepared, Dean was 36 years old, single with no dependents, and was a high school graduate. Dean's criminal history included numerous charges of assault and domestic violence with the outcomes listed as unknown. However, Dean had been convicted of domestic violence, public intoxication, inflicting corporal injury on a spouse, second degree burglary, and grand theft. Additionally, although Dean absconded from probation supervision in California, the associated warrant was non-extraditable. The case level of service/case management inventory assessed Dean as a very high risk to reoffend. Further, the domestic violence offender matrix assessed Dean "at [a] high risk to reoffend in this manner due to the threats to harm the victim that he made during the offense. [Dean] also has an extensive history of domestic violence with multiple victims." Dean acknowledged issues with both alcohol and marijuana which he began using when he was 8 years old and used every day. Dean also acknowledged "that he has tried almost every other drug, but hasn't used any of them regularly." Further, Dean received a benefit from his plea agreement in which the charged offenses of felony tampering with a witness, misdemeanor intimidation by phone, misdemeanor disturbing the peace, misdemeanor stalking, and contempt of court were dismissed.

Based upon the record, the district court considered the appropriate sentencing factors. Further, as it relates to those factors, including that the sentences imposed were within the relevant statutory sentencing ranges, the benefit Dean received from his plea agreement, Dean's criminal history, and Dean's high risk to reoffend, we find the district court did not abuse its discretion in the sentences imposed. This assignment of error fails.

2. INEFFECTIVE ASSISTANCE OF COUNSEL

Dean's second assignment of error is that his trial counsel was ineffective for failing to depose a material witness prior to trial and/or plea and failing to discuss discovery and potential defenses with him prior to his plea.

Recently, in *State v. Drake*, 311 Neb. 219, 236-37, 971 N.W.2d 759, 774 (2022), the Nebraska Supreme Court set forth the directives that must be followed when addressing an ineffective assistance of counsel on direct appeal:

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the ineffective assistance of trial counsel issue will be procedurally barred.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.

The necessary specificity of allegations of ineffective assistance of trial counsel on direct appeal for purposes of avoiding waiver requires, at a minimum, allegations of deficient performance described with enough particularity for an appellate court to make a determination of whether the claim can be decided upon the trial record and also for a district court later reviewing a potential petition for postconviction relief to be able to recognize whether the claim was brought before an appellate court. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Devers*, 306 Neb. 429, 945 N.W.2d 470 (2020). General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019). In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Devers, supra*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *State v. Weathers, supra*.

(a) Failure to Depose Material Witness

Dean's first assignment of ineffective assistance is that his trial counsel was ineffective for "failure to depose a material witness prior to [trial] and/or plea." In *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019), the Nebraska Supreme Court stated:

We observe that Mrza's last assignment lacked the specificity we demand on direct appeal. We have held that when raising an ineffective assistance claim on direct appeal, an

appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. And we have long held that an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. It follows that we should not have to scour the argument section of an appellant's brief to extract specific allegations of deficient performance. We now hold that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

More recently, in *State v. Blake*, 310 Neb. 769, 798-99, 969 N.W.2d 399, 421 (2022), the Nebraska Supreme Court stated:

When the claim of ineffective assistance on direct appeal involves uncalled witnesses, vague assertions that counsel was deficient for failing to call "witnesses" are little more than placeholders and do not sufficiently preserve the claim. However, the appellate court does not need specific factual allegations as to what the person or persons would have said, which will not be found in the appellate record. It is sufficient that appellate counsel give on direct appeal the names or descriptions of any uncalled witnesses forming the basis of a claim of ineffective assistance of trial counsel. Such specificity is necessary so that the postconviction court may later identify whether a particular claim of failing to investigate a witness is the same one that was raised on direct appeal.

When the Nebraska Supreme Court's statements in *Mrza, supra*, and *Blake, supra*, are read together, we see Dean's vague assignment of trial counsel's failure to depose a "material witness" as no more than a placeholder which did not sufficiently preserve the claim and we will not scan the remainder of the brief so as to determine whether sufficient specificity is further added elsewhere which may suffice for us to review the record in relation to the claim. This assignment of error fails for lack of specificity.

(b) Failure to Discuss Discovery and Defenses Prior to Plea

In Dean's second assignment of ineffective assistance of counsel, he generally asserts his trial counsel was ineffective for "failure to discuss the discovery and potential defenses with [Dean] prior to his plea." Brief for appellant at 3. In reviewing Dean's argument relating to this general assignment, we first note that Dean raises several arguments in his brief which do not support his assigned error that trial counsel was ineffective in "failing to discuss the discovery and potential defenses with [Dean] prior to his plea." Brief for appellant at 3, 15, and 16.

In his brief, Dean argues:

[Dean] advised trial counsel, well in advance of trial (sic), that [the victim] had been aggressive with him prior to his arrest on June 21, 2021. . . . No motion for discovery was filed in the case. As noted previously, no deposition was taken of the alleged victim in this case. Appellant's trial counsel was deficient for not doing a proper investigation into his case, which resulted in the maximum statutory sentence. Trial counsel was deficient in

his review of the discovery in this case and failed to adequately confer with [Dean] regarding the potential defenses and mitigating information for his sentencing.

Brief for appellant at 15-16.

Regarding Dean's argument that trial counsel was ineffective for failing to file a motion for discovery, because Dean only argued this allegation and did not assign it as error, this allegation has not been properly preserved. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

Regarding Dean's argument that no deposition was taken of the victim in this case, this allegation was not specifically assigned and was addressed in the previous section of this opinion.

Regarding Dean's argument that trial counsel was deficient for failing to properly investigate his case which resulted in the maximum statutory sentence, this allegation relates to Dean's sentencing which was not assigned as error.

Finally, we address Dean's limited argument that trial counsel was deficient in his failure to adequately confer with Dean regarding the potential defenses and mitigating information for his sentencing. Dean's claim that counsel failed to adequately confer with him regarding potential defenses is refuted by the record. During the plea hearing, the following colloquy occurred between the court and Dean regarding the effectiveness of Dean's trial counsel:

THE COURT: All right. Sir, have you had enough time to speak to your attorney about this case?

[Dean]: Yes.

THE COURT: Have you told him everything you know about this case?

[Dean]: Yeah.

THE COURT: Are you aware of anything that could help your case that you have not told your attorney?

[Dean]: No.

THE COURT: Are you satisfied with the work [your trial counsel] has done for you in this case?

[Dean]: Yes.

THE COURT: Do you think he's competent and knows what he's doing?

[Dean]: Yes.

Dean's representations to the trial court stand in stark contrast to his present allegations on appeal that his trial counsel failed to discuss discovery in the case or his defenses with him prior to his plea. Thus, the record of the plea hearing affirmatively refutes Dean's allegation that his counsel failed to discuss potential defenses.

Finally, we find that Dean's claim that trial counsel failed to adequately confer with him regarding mitigating information for his sentencing is not encompassed by his assigned error that trial counsel was ineffective in "failing to discuss the discovery and potential defenses with [Dean] prior to his plea." Brief for appellant at 3. Since this argument was not assigned as error, it has not been properly raised. An alleged error must be both specifically assigned and specifically argued

in the brief of the party asserting the error to be considered by an appellate court. *State v. Britt, supra*.

## VI. CONCLUSION

Having considered and rejected Dean's assigned errors, we affirm his convictions and sentences.

AFFIRMED.